THOMPSON, Judge.
R.A.F.S. Services, Inc. (RAFS) appeals from a final administrative order of the Department of Labor, Division of Unemployment Compensation (Division), finding that workers employed by RAFS were employees for purposes of unemployment compensation taxation, and not independent contractors. We affirm.
RAFS furnished equipment, supplies, and workers to assist with the refueling of a nuclear power plant. RAFS contended these workers were independent contractors and the workers agreed they were independent contractors. The Division contended the workers were employees for purposes of unemployment compensation taxation. After a hearing to resolve the controversy, the special deputy in his recommended order found, inter alia:
(2)(a) The Petitioner must have the right to control the details of the work. If the power company employees and the Regulatory Commission employees actually supervise the work then they, in effect, become the Petitioner’s agents. It is not: ed that the Petitioner is on the job site and would certainly take corrective action with regard to one of these workers. He is duty bound to do so. The one area that is controlled is working hours. The Petitioner is required by contract to provide people in these positions during the scheduled hours. Even if the Petitioner allows the workers to pick a shift, he certainly has not allowed them to come and go as they please, a characteristic of true independence. If the Petitioner chose to let the workers work when and if they saw fit, it is hard to conceive that the positions would be covered at all times. The Petitioner was required to make an accounting to the power company if someone were absent excessively and he had to schedule workers so that the shifts were covered. Further, he required a worker already on duty to remain there until a relief arrived. Controlling workers time is one of the primary controls any employer exercises over its employees.
(b) The technicians are not engaged in a distinct occupation or business in the sense that it is separate and apart from the Petitioners business. In this case it is the Petitioners only business and the only way he accomplishes any work at all.
(c) It was well evident that these technicians are totally supervised. The Joined Party in this case was their supervisor. It is a contradiction to allege that these are independent contractors yet have a supervisor over them to control them. In the business community, supervisors supervise employees.
(d) Unique skills are certainly required to perform this work properly.
(e) The Petitioner supplies the place of work and the equipment needed to accomplish the work. Certain equipment is necessarily furnished by Florida Power, that being clothing and tools. What is relevant is that the workers furnish nothing to accomplish the work.
(f) These individuals were employed temporarily on a per job basis. They were to work for the duration of the Petitioner’s contract. It is noted that the Florida Unemployment Compensation Law *375 makes no distinction between temporary and permanent employment.
(g) The workers are paid on an hourly basis, the same as any other employee. Further, the pay rate relates to similar occupations in the area. They are even paid time and one-half for overtime, an employee form of payment. Some are also paid per diem for living expenses, which again is an employee type of payment. Independent contractors normally bid on a per job basis to perform work and are responsible for any expenses involved.
(h) As previously noted, the work is part of the regular business of the Petitioner. If the technicians are considered independent contractors then the Petitioner would only be considered a middleman, passing the jobs from the power company to the technicians. This is not the case. It is the Petitioner’s business. He needs employees to perform the work. They are clearly performing a service for the Petitioner in this case, the same as other employees.
(i) There is a written agreement which indicates the parties believe they are creating an independent contractual relationship. However, it is not the parties intent but the dealings between the parties that determines an employer/employee relationship as pointed out in Justice v. Belford* supra.
(j) The Petitioner is in the tool and clothes control and cleaning business.
These findings of fact, which were adopted by the Division in its final order, are supported by competent substantial evidence and, with the exception of finding 2(i), fully support the conclusion of law that the workers were employees of RAFS and not independent contractors.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.

 Justice v. Belford Trucking Company, Inc., 272 So.2d 131 (Fla.1973).